ROBERT HOWARD )
    Plaintiff, )
v. ) 1:08CV483
AMERICAN INSTITUTE OF )
CERTIFIED PUBLIC ACCOUNTANTS )
    Defendant. )

**<u>MEMORANDUM OPINION AND ORDER</u>**

OSTEEN, JR., District Judge

    Presently before the court is Defendant American Institute of Certified Public Accountants' motion to dismiss Plaintiff Robert Howard's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 10.) Plaintiff, proceeding pro se, filed a Request for Denial of Defendant's Motion to Dismiss. (Doc. 16.) The United States Magistrate Judge issued a Memorandum Opinion and Recommendation, recommending that Defendant's motion be denied in part and granted in part. (Doc. 18.) This court has conducted a de novo review of the portions of the Magistrate Judge's Recommendations to which objection was made. This court fully adopts the portion of the Recommendation dismissing as time barred any claims based on acts of age and sex discrimination that occurred prior to June 19, 2007 (<u>id.</u> at 6-

11), as well as the portion denying dismissal of Plaintiff's common law wrongful termination claim (id. at 14). For the reasons set forth below, this court will also deny the motion to dismiss Plaintiff's Title VII and ADEA claims to the extent they are based on the discrete discriminatory acts occurring after June 19, 2007 and set out in Plaintiff's second charge to the Equal Employment Opportunity Commission ("EEOC").[1] To the extent that any portion of the Magistrate Judge's opinion conflicts with the reasoning set forth below, those portions are not adopted.

**I.   Background**

Plaintiff Robert Howard is a male who, in 2007, was fifty-nine years old. Plaintiff was hired by Defendant, American Institute of Certified Public Accountants ("AICPA"), on August 28, 2006 as a project manager. He was initially supervised by two women, Jeannette Team and Teighlor March, who were both approximately thirty years old at the time. Plaintiff alleges that he excelled in his duties, but by early 2007 Ms. March began subjecting him to adverse actions and harassing him. On one occasion, Ms. March allegedly asked Plaintiff whether he could deal with the fact that he was being supervised by younger women. Around the same time, Plaintiff alleged that he attended an out-

---

[1] In summary, this court agrees with and fully adopts the final order of the Magistrate Judge. However, in view of Defendant's objections, this court writes separately to further refine the analysis of the Magistrate Judge.

2

of-state conference where Ms. March and other female coworkers engaged in sexually inappropriate conduct. For example, Ms. March allegedly asked Plaintiff to accompany her to a male strip club, and when he refused, insinuated that he was not comfortable in his manhood. Plaintiff's coworkers also made comments about men they thought were "hot."

In March 2007, Plaintiff submitted a written complaint to AICPA's human resources department. Plaintiff alleges that his complaint was not investigated and that following his complaint, he received negative evaluations, was required to attend progress meetings, was criticized, and was given unreasonable workload and deadlines. On June 19, 2007, Plaintiff filed his first EEOC Charge, alleging age and sex discrimination and retaliation for complaining. Plaintiff received his first "right-to-sue" letter on December 21, 2007.

Plaintiff's employment was terminated on September 11, 2007. On November 23, 2007, Plaintiff filed a second EEOC Charge, alleging that Defendant retaliated against him for filing the first EEOC Charge by terminating him, denying him a pay raise, and denying him a professional credential, among other things. His charge alleges that this conduct was not only retaliatory, but also discriminatory. Plaintiff received his second "right-to-sue" letter on March 17, 2008. Proceeding pro se, Plaintiff initiated this lawsuit on June 16, 2008, well after the ninety-

day limitations period to sue for unlawful employment practices alleged in the first EEOC Charge had passed, but timely regarding the practices alleged in the second EEOC Charge. See 42 U.S.C. § 2000e-5(f)(1).

The United States Magistrate Judge recommended that "to the extent that Plaintiff's claims of sex and age discrimination in the second EEOC Charge are based on the same conduct asserted in his first EEOC Charge, Plaintiff's claims for age and sex discrimination must be dismissed as untimely." (Mem. Op. & Rec. (Doc. 18) 7.) However, the Magistrate Judge recommended that Plaintiff still be allowed to proceed on any Title VII and ADEA claims based on discriminatory acts occurring after the filing of the first EEOC Charge. (Id. at 11.)

## II. Legal Standard

The Federal Magistrate Act provides that a district court shall make a de novo determination of those portions of a Magistrate Judge's report or specific proposed findings or recommendations to which an objection is made. 28 U.S.C. § 636(b)(1)(C); Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Because the Magistrate Judge recommended dismissal in part of Plaintiff's claims, Defendant's objections are directed to the part of Plaintiff's Title VII and ADEA claims which the Magistrate Judge found sufficient. Plaintiff filed no objections to the Recommendations.

4

Defendant seeks to fully dismiss the age and sex discrimination claims (Counts Two and Three), arguing that they are duplicative of allegations contained in the first EEOC Charge. Defendant moved to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. When analyzing a Rule 12(b)(6) motion, the pleading setting forth the claim must be "liberally construed" in the light most favorable to the nonmoving party, and allegations made therein are taken as true. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). A court should not grant the motion if the plaintiff can show "any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 (2007) (citation omitted).

A plaintiff need not plead detailed evidentiary facts, and a complaint is sufficient if it will give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. See Bolding v. Holshouser, 575 F.2d 461, 464 (4th Cir. 1978). A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). "Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege any facts [that] set forth a claim." Estate

5

of <u>Williams-Moore v. Alliance One Receivables Mgmt., Inc.</u>, 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004).

**III. Analysis**

    A. <u>Age and Sex Discrimination Claims</u>

    First, Defendant specifically objects to the Magistrate Judge's Recommendation denying full dismissal of the Title VII sex discrimination and ADEA age discrimination claims. Defendant contends that the Magistrate Judge correctly dismissed the claims based on acts contained in the first EEOC Charge. Nevertheless, Defendant argues that the remaining claims must also be dismissed, on the grounds that "[t]he only complaint allegations attributable to plaintiff's age or gender occurred prior to [the first EEOC Charge], and the [Magistrate Judge] found that any Title VII or ADEA claim based on such conduct is time-barred." (Def.'s Objections (Doc. 20) 8 (emphasis in original).) This court does not interpret the Magistrate Judge's opinion so broadly.

    Plaintiff's second EEOC Charge alleges discrimination based on sex and age, as well as retaliation for filing his first EEOC Charge. The second EEOC charge describes the dates the discrimination took place as June 19, 2007 (the date of the first EEOC Charge) through September 11, 2007 (the date Plaintiff was terminated). (Def.'s Mot. to Dismiss (Doc. 11) Ex. B.) The Complaint, filed in this court in June 2008, alleges that after

6

Plaintiff's first charge of discrimination was filed, Defendant "continued and increased its hostile and adverse actions and took tangible, detrimental actions against plaintiff," that Defendant's actions "continued to create a hostile work environment for plaintiff,"[2] and that "[o]n or about September 11, 2007, defendant terminated plaintiff." (Compl. (Doc. 3) ¶¶ 28-30.)

Defendant is correct that Plaintiff cannot pursue a Title VII or ADEA claim based on any discrete discriminatory act that occurred prior to June 19, 2007, as Plaintiff failed to sue within ninety days of filing his first EEOC Charge regarding those particular acts.[3] However, Plaintiff may still base a claim on the independently discriminatory acts that took place after June 19, 2007, as he properly filed an EEOC charge regarding those acts and sued within ninety days of receiving his right-to-sue letter. Defendant now argues that Plaintiff has not

---

[2] The Magistrate Judge, in Footnote One of his Recommendation, noted that "[a]lthough the Complaint refers to a 'hostile work environment,' Plaintiff does not appear to be bringing a formal claim for sex discrimination based on 'hostile work environment.'" (Mem. Op. & Rec. (Doc. 18) 4 n.1.) Plaintiff did not file any objection to the Recommendation, and therefore this court need not conduct a de novo review of this portion of the recommendation. In view of Plaintiff's failure to object and the different ways in which Plaintiff's complaint may be read, this court finds that the Magistrate Judge's determination is appropriate and should be adopted.

[3] This court notes that Plaintiff has not objected to the Recommendation, and as noted previously, this part of the Recommendation has been adopted.

7

stated an adequate claim of discrimination because he has not alleged any conduct in his complaint occurring after June 19, 2007 that demonstrates a causal connection between his age or gender and the discriminatory acts alleged. (Def.'s Objections (Doc. 20) 8.) Defendant cites Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003), as authority for their motion to dismiss, noting that a conclusory allegation that an employer discriminated against a plaintiff is insufficient to state a claim of discrimination[4] absent supporting facts. (Def.'s Objections (Doc. 20) 11.)

This court disagrees that every fact supporting a causal connection between Plaintiff's age or gender and the discriminatory act must have occurred after June 19, 2007. While Plaintiff's failure to sue regarding discrete discriminatory acts alleged in his first EEOC Charge precludes his recovery on those acts, the conduct alleged prior to June 19, 2007 (specifically, the comments made by Plaintiff's supervisors in early 2007, coupled with the allegations that the actions "continued and increased") supports a causal connection between the discrete discriminatory acts taken after June 19, 2007 and Plaintiff's age

---

[4] This court first finds that Bass is distinguishable, as it addresses the pleading requirements for a claim of discrimination based on a hostile work environment. As discussed supra note 1, such a theory of discrimination is not applicable in this case.

8

or gender. See Nat'l R.R. Passenger Corp. v. Morgan,[5] 536 U.S. 101, 113 (2002) (noting that Title VII's statute of limitations does not bar an employee from using the prior discriminatory acts as background evidence in support of a timely claim of discrimination).

Consequently, liberally construing this pro se complaint,[6] Plaintiff's allegations in this case are sufficient to make out a claim of sex and age discrimination at this pleading stage of the litigation. The complaint contains more than simply "problems [Plaintiff] experienced with [his] coworkers and supervisors"

---

[5] In Morgan, the Court addressed whether and under what circumstances a Title VII plaintiff may file suit on events that fall outside the applicable statutory time period for filing an initial EEOC charge. The Supreme Court held that the statute precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period for filing an EEOC charge. See Morgan, 536 U.S. at 104-105. However, the Court also noted that "[t]he existence of past acts . . . does not bar employees from filing charges about related discrete acts so long as those acts are independently discriminatory and charges addressing those acts are themselves timely filed. Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim." Id. at 113 (emphasis added).
    This court recognizes that Morgan dealt with the limitations period for filing an initial EEOC charge, and this lawsuit deals with the limitations period for filing an official lawsuit after filing an EEOC charge. Nevertheless, the two limitations periods are found within the same statutory section, see 42 U.S.C. § 2000e-5(e)(1) (charge of discrimination must be brought before EEOC within 180 days of discriminatory act); § 2000e-5(f)(1) (suit must be filed within 90 days of obtaining an EEOC right-to-sue letter), and both bar claims filed outside of the set time limits. Therefore, this court finds that the case is still applicable to the present analysis.

[6] See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

that "do not seem to have anything to do with gender [or age]." Bass, 324 F.3d at 765. Rather, the complaint alleges several gender- and age-based remarks from Plaintiff's supervisors that are relevant to establishing a causal connection, even though they occurred prior to June 19, 2007. (Compl. (Doc. 3) ¶¶ 15-16.)

In sum, the conduct of the employer prior to June 19, 2007, as set forth in the complaint, considered as evidentiary background and support to the other allegations, supports a causal connection between Plaintiff's age or gender and those acts of discrimination occurring after June 19, 2007 (such as denial of a transfer, denial of a professional credential, or termination), even though Plaintiff cannot recover on the pre-June 2007 acts. Therefore, Plaintiff in this case has sufficiently pled facts in support of a claim of Title VII and ADEA discrimination based on discrete acts occurring after June 19, 2007.

### B. Wrongful Discharge Claim

Defendant further objects to the Magistrate Judge's recommendation that Plaintiff be allowed to proceed on his cause of action for wrongful discharge. In order to state a claim for wrongful discharge, Plaintiff must plead that his dismissal occurred for a reason that violates the public policy of North Carolina. See Efird v. Riley, 342 F. Supp. 2d 413, 427-29 (M.D.N.C. 2004). Defendant contends that North Carolina does not

10

Case 1:08-cv-00483-WO-WWD Document 26 Filed 04/27/09 Page 10 of 12

provide a private right of action for discriminatory retaliation, and thus should the court dismiss Plaintiff's Title VII and ADEA claims, Plaintiff can no longer state a claim for wrongful discharge. North Carolina does have a public policy prohibiting employment discrimination based on age or gender, as stated in the North Carolina Equal Employment Practices Act. See N.C. Gen. Stat. § 143-422.2. As discussed above, Plaintiff has made out a claim for employment discrimination under Title VII and the ADEA, and therefore he has also properly stated common law claim for wrongful discharge.

**IV. Conclusion**

The court has conducted a de novo review of the portions of the Magistrate Judge's report to which objection was made. The court hereby adopts the Magistrate Judge's Recommendation, to the extent that it does not conflict with the reasoning set forth above.

It is therefore ORDERED that as to Plaintiff's claims for sex and age discrimination under Title VII and the ADEA, only the alleged discrete discriminatory acts occurring between June 19, 2007 and September 11, 2007 were timely filed. Plaintiff has stated a claim for sex and age discrimination based on allegations of discrete discriminatory acts occurring between June 19, 2007 and September 11, 2007. Finally, Plaintiff has stated a claim for wrongful discharge in violation of North

11

Carolina public policy.

Accordingly, the remaining claims are (1) Plaintiff's Second and Third Claims for sex and age discrimination under Title VII and the ADEA, respectively, based on discrete acts occurring between June 19, 2007 and September 11, 2007; (2) Plaintiff's First claim for wrongful discharge in violation of North Carolina Public Policy; and (3) Plaintiff's Fourth claim for retaliation under Title VII and the ADEA.

To this extent, Defendant's motion to dismiss is GRANTED in part and DENIED in part.

This the 27th day of April 2009.

                                     /s/ William L. Osteen, Jr.
                                           United States District Judge